**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-536C
(Filed: July 16, 2014)
UNREPORTED

**FILED**

JUL 1 6 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| WILLIAM R. MURPHY, | ) |
| Plaintiff, | ) |
| v. | ) Pro Se; Lack of Subject Matter Jurisdiction. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

On June 23, 2014, William R. Murphy ("Mr. Murphy" or "plaintiff") filed a pro se complaint[1] against the United States requesting a ruling as to whether he "should continue to receive a[n] ordinary pension or the line of duty pension . . . ." Compl. at 1. The complaint apparently arises in connection with a tax dispute between Mr. Murphy and the Internal Revenue Service ("IRS"). For the reasons explained below, Mr. Murphy's complaint is **DISMISSED**.

As far as can be discerned from the complaint and an attached July 2010 letter from the IRS, Mr. Murphy has received a "line of duty disability" since 1991. Sometime in the mid-2000s, Mr. Murphy was assessed for unpaid taxes by the IRS. In May 2010,

---

[1] Plaintiff simultaneously applied to proceed in forma pauperis ("IFP"). In his application, plaintiff represented that he receives three pensions, which combine to provide a $60,713 income. The court concludes that plaintiff has sufficient resources to satisfy the court's filing fee. Accordingly, plaintiff's IFP application is **DENIED**. See Williams v. Court Servs. & Offender Supervision Agency for D.C., 878 F. Supp. 2d 263, 266 (D.D.C. 2012) (although litigant need not be absolutely destitute, granting IFP status calls for showing that paying for the costs of the suit would make it difficult to afford the "basic necessities of life"). Nonetheless, because the court lacks jurisdiction, the fee need not be paid for the purpose of filing the initial complaint.

plaintiff sought and received a ruling from the IRS that his line of duty disability income was not taxable per Internal Revenue Code Section 104. Although the IRS issued plaintiff a refund for $1,513.66 and $30.54 in interest, this amount was apparently insufficient to cover the entire balance of his 2009 federal income tax debt. The IRS letter attached to the complaint indicates that Mr. Murphy continued to owe a $1,336.33 federal income tax debt for 2009, and that penalties and interest charges would continue to accrue. The complaint does not indicate whether Mr. Murphy ever satisfied this tax debt or is seeking a refund. Construing Mr. Murphy's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court understands plaintiff to be seeking either (1) a refund in the amount of $1,336.33, plus any additional penalties and interest, or (2) a declaration that his pension is tax-exempt.

It is well-established that this court is not permitted to reach the merits of a plaintiff's claims without first addressing the issue of jurisdiction. Holmes v. United States, 657 F.3d 1303, 1311 (Fed. Cir. 2011). If the plaintiff fails to establish subject matter jurisdiction the case must be dismissed. See Cent. Pines Land Co. v. United States, 99 Fed. Cl. 394, 397 (2011) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)), aff'd 697 F.3d 1360 (Fed. Cir. 2012); Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When a plaintiff seeks non-monetary relief (for example, a declaration that a plaintiff's pension is tax-exempt), the court's authority to grant such relief is limited to situations in which it is connected to some form of monetary relief. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998) (per curiam) ("The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.").

Special rules govern the authority of this court to hear a tax-related claim. Under the Supreme Court's holding in Flora v. United States, 357 U.S. 63, 68 (1958), aff'd on reh'g, 362 U.S. 145 (1960), this court lacks jurisdiction—i.e., the authority to issue a ruling on the plaintiff's claim—unless the plaintiff fully pays the taxes at issue before filing suit, which is required by 28 U.S.C. § 1346(a)(1). See also Tonasket v. United States, 218 Ct. Cl. 709, 712 (1978). Thus, if a plaintiff fails to allege that she or he fully paid a disputed amount of taxes prior to filing suit in the United States Court of Federal Claims, this court is required to dismiss the case.

Turning to Mr. Murphy's complaint, the court observes, as noted above, that plaintiff has not alleged that he paid the $1,336.33, plus any additional penalties and interest referenced in the IRS letter. Accordingly, to the extent that Mr. Murphy seeks a refund of these amounts, the court lacks jurisdiction to hear his complaint and must

dismiss the claim. In addition, because the refund claim must be dismissed, there is no longer a money claim pending before the court. As such, the court lacks jurisdiction to grant declaratory relief—including a declaration concerning the type of pension Mr. Murphy is receiving and whether it is tax exempt.

For these reasons, plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge